United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40962
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JAIME MORIN-GARCIA, also known as
Juan Morales-Garcia,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-120-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jaime Morin-Garcia pleaded guilty to being found in
the United States after deportation and was sentenced to 46
months of imprisonment and three years of supervised release.
Morin-Garcia argues that the felony and aggravated felony
provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.
Specifically, he argues that the viability of Almendarez-Torres
v. United States, 523 U.S. 224 (1998), is in doubt in light of
later Supreme Court cases such as Apprendi v. New Jersey, 530

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 466 (2000), and Shepard v. United States, 125 S. Ct. 1254 (2005). We need not decide the applicability of the waiver provisions in the plea agreement because the issue that Morin-Garcia raises is foreclosed.

Morin-Garcia's constitutional challenge is foreclosed by Almendarez-Torres v. United States. Although Morin-Garcia contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Morin-Garcia properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.